Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343
F: 866-219-8344

Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 619-222-7429
F: 866-431-3292

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BLOWER,<br><br>           Plaintiff,<br><br>vs.<br><br><br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>           Defendant. | CASE NO.  **'19CV2270 BAS LL**<br><br>COMPLAINT FOR DAMAGES<br><br>VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,<br>47 U.S.C. 227, ET SEQ.<br><br>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 ET. SEQ.<br><br>VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE 1788 ET. SEQ.<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Phillip Blower ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Portfolio Recovery Associates, LLC ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and related entities, in negligently, and/or willfully violating numerous federal and state laws.

2. Plaintiff alleges as follows upon personal knowledge and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq* ("TCPA") and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA").

4. Supplemental jurisdiction exists for violations of The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq* ("RFDCPA") pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction. Venue is also proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

///

## PARTIES

6. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ Code § 1788.2(g). Plaintiff is also a "consumer" as defined by 15 U.S.C. § 1692a(3) and a "debtor" under Cal. Civ Code § 1788.2(h).

7. Plaintiff is informed and believes, and thereon alleges, that Portfolio Recovery Associates, LLC ("PRA") is, and at all times mentioned herein was, a limited liability company registered in Delaware with its principal place of business located in Virginia. It is a subsidiary of PRA Group, Inc. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the County and City of San Diego, within this judicial district. It is, and at all times mentioned herein was, a "person," as defined by Cal. Civ. Code § 1788.2(g). It operates as a collection company and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred an unpaid financial obligation for a personal "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. The debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed to collect the debt.

10. Since then, Defendant has been engaged in an aggressive automatic dialing campaign to Plaintiff's cellular telephone. Plaintiff intends to obtain the outbound dial list and account notes from Defendant in discovery to ascertain the true number of calls.

///
///

Complaint for Damages

11. Defendant has been calling Plaintiff at least two or three times per week for an extended period of time. The calls were very frequent and were made with the intent to annoy, abuse and harass Plaintiff, which was the result.

12. Plaintiff did not give prior express consent to receive the calls and had never spoken to Defendant prior to the first call received from Defendant.

13. Plaintiff expressly told Defendant over the phone to stop calling and to stop the harassment. However, Defendant continued to call Plaintiff incessantly at inconvenient times.

14. Notwithstanding the fact that Plaintiff did not provide Defendant Plaintiff's cellular number at any time, Defendant initiated calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice as prohibited by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls to Plaintiff were made with an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator without human intervention.

16. The telephone number Defendant and/or its agents called was assigned to a cellular telephone service in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

17. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

18. These telephone calls made by Defendant and/or its agents violated 47 U.S.C. § 227(b)(1)(A)(iii).

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991**
**47 U.S.C. § 227 ET SEQ.**

20. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat.

Complaint for Damages

21. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers". Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

22. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF**
**THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

---

2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

26. Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

27. Plaintiff is also entitled to an award of attorney fees, costs and interest.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

28. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff is entitled to seek injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

32. Plaintiff is also entitled to an award of attorneys' fees, costs and interest.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, ET SEQ.

33. Plaintiff incorporates by reference the above paragraphs of this complaint.

34. Defendant engaged in behavior the natural consequences of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

35. Defendant caused Plaintiff's cellular telephone to ring repeatedly with the intent to annoy and harass Plaintiff in violation of U.S.C. § 1692d(5).

36. Defendant used unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.
37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.
38. Plaintiff is entitled to damages as a result of Defendant's violations.
39. Plaintiff is also entitled to an award of attorney fees, costs and interest.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

40. Plaintiff incorporates by reference the above paragraphs of this complaint.
41. Defendant attempted to collect a debt and, as such, engaged in "debt collection" under Cal. Civ Code § 1788.2(b).
42. Defendant, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).
43. Defendant caused Plaintiff's cellular telephone to ring repeatedly with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).
44. Defendant failed to comply with provisions of 15 U.S.C. § 1692 *et seq* in violation of Cal. Civ. Code § 1788.17.
45. Plaintiff is entitled to damages as a result of Defendant's violations. Plaintiff is also entitled to an award of attorney fees, costs and interest.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### FOR NEGLIGENT VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

46. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
47. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);
48. An award of attorney fees and costs to counsel for Plaintiff;
49. Any other relief the Court may deem just and proper including interest.

## SECOND CAUSE OF ACTION
## FOR KNOWING AND/OR WILLFUL VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

50. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, up to $1,500 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
51. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);
52. An award of attorney fees and costs to counsel for Plaintiff;
53. Any other relief the Court may deem just and proper including interest.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, ET SEQ.

54. As a result of Defendant's violations of 15 U.S.C. § 1692 *et seq*, Plaintiff seeks actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
55. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
56. Cost of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);
57. Any other relief the Court may deem just and proper including interest and punitive damages.

# FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

58. As a result of Defendant's violations of Cal. Civ. Code § 1788 *et seq*, Plaintiff seeks cumulative actual damages pursuant to Cal. Civ. Code § 1788.30(a);

59. Cumulative statutory damages of $1,000 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b).

60. Cost of litigation and reasonable attorney fees pursuant to Cal. Civ. Code § 1788.30(c);

61. Any other relief the Court may deem just and proper including interest and punitive damages.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date:  November 26, 2019               SWIGART LAW GROUP, APC

By:  *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

Attorney for Plaintiff